**JUDGE TORRES**

Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-697-0877 (fax)
rjbachesq@hotmail.com
Attorney for Plaintiff.

**13 CV 6332**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT GARRETT

                PLAINTIFF

V.

ST. LUKE'S - ROOSEVELT HOSPITAL
CENTER EMPLOYEES' PENSION PLAN
AND ST. LUKE'S -ROOSEVELT HOSPITAL
CENTER AS PLAN ADMINISTRATOR,
                DEFENDANTS
-----------------------------------------------------------X

Complaint
Index No.:
13 Cv   ( )( )

ECF CASE

Plaintiff, by his attorney, Robert J. Bach, as and for the Complaint alleges:

## INTRODUCTION

1. This is a suit pursuant to the Employee Retirement Income Security Act, as amended, ("ERSIA"), 29 USC §1001 et seq., by Robert Garrett to obtain information from the Defendants so that he can verify that the disability pension he is receiving is the correct pension and that it was calculated correctly, and to penalize Defendants for their failure to supply the information requested as required by ERISA, 29 USC §1024(b)(4) and 29 USC §1133, as implemented by the US Department of Labor Claims Regulations. 29 CFR 2560.503-1(g)("Claims Regulations").

2. Plaintiff further requests that the Court award attorney's fees and costs, pursuant to 29 USC §1132(g)(1) and order such other appropriate relief as the Court shall deem proper.

## JURISDICTION

3. Plaintiff brings this suit pursuant to ERISA, 29 USC §1132(a)(1)(A), 29 USC §1132(a)(3), and 29 USC §1132(c)(1)(B).

4. The Court has jurisdiction of this matter pursuant to 29 USC §1132(e)(1), as well as 28 USC §§1331, 2201, and 2202.

## VENUE

5. Venue is in the Southern District of New York because the Defendants have their offices in the District at 555 West 57 Street, New York, NY 10019. 29 USC §1132(e)(2).

## THE PARTIES

**Plaintiff - Robert Garrett**

6. Robert Garrett ("Garrett" or "Plaintiff") is the plaintiff in this action and resides in the County, City and State of New York.

7. Mr. Garrett was employed by St. Luke's- Roosevelt Hospital and its successors (collectively "Hospital Center") as a library assistant in the medical library from September 22, 1967 until May 21, 2002 when he resigned due to illness.

8. He was a participant in the St. Luke's - Roosevelt Hospital Center Employees' Pension Plan, and its predecessors (collectively, "Pension Plan"), within the meaning of ERISA, 29 USC §1002(7).

**Defendant St. Luke's - Roosevelt Hospital Center Employees' Pension Plan**

9. The St. Luke's - Roosevelt Hospital Center Employees' Pension Plan ("Pension Plan") is an employee benefit pension plan within the meaning of ERISA, 29 USC § 1002(2).

10. The Pension Plan provides normal retirement benefits, early retirement benefits and disability retirement benefits.

11. The Pension Plan awarded Mr. Garrett an early retirement benefit in 2011 and subsequently converted it to a disability retirement benefit in 2012.

**Defendant St. Luke's - Roosevelt Hospital Center**

12  St. Luke's - Roosevelt Hospital Center ("Hospital Center") sponsored the Pension Plan for the benefit of its employees to provide retirement benefits.

13. St. Luke's - Roosevelt Hospital Center is the Plan Administrator of the Pension Plan, within the meaning of ERISA, 29 USC §1002(16)(A) and a fiduciary of the Pension Plan. 29 USC §1002(21)(A)(i) and (iii).

14. On information and belief, in 1997 St. Luke's Hospital, Roosevelt Hospital and Beth Israel Medical Center entered into a partnership called Continuum Health Partners Inc. ("Continuum"). Continuum Services is the department that provides administrative services to the Pension Plan ("Continuum Services").

### FIRST CAUSE OF ACTION

15. During the course of his employment with St. Luke's Hospital Center, Mr. Garrett became ill and ultimately was unable to work. On May 21, 2002 Mr. Garrett resigned from work because of his illness.

16. At the time of his resignation, Mr. Garrett was over 55 years old and had 34 years of service.

17. Although he attempted to apply for a retirement and Social Security benefits he was not capable of submitting the forms.

18. Ultimately with the assistance of social workers he was able to apply for Social Security Disability Benefits in January, 2006.

19. With respect to benefit from the Pension Plan, Mr. Garrett's social workers inquired if he could apply for an early retirement benefit and then convert it to a disability pension benefit when he received his Social Security Disability Benefit.

20. They were advised that he could not convert it and Mr. Garrett elected to not to file the application until he received the Social Security Disability Award because a disability pension would give him a larger pension benefit.

21. In a letter dated August 22, 2006, Mr. Garrett received a Notice from the Social Security Administration that he had been awarded a Disability Benefit because he had become disabled on May 21, 2002.

22. In a letter dated December 28, 2006, a letter was sent to the Hospital Center advising it that Mr. Garrett had received a Social Security Disability Award and requested that it "...process an application for his full pension". A copy of the Social Security Award was enclosed with the letter.

23 During the next years, Mr. Garrett again became seriously ill and his application for his plan benefits were suspended.

24. In a letter dated March 6, 2009 to Continuum Services (Miriam Bobe), Mr. Garrett requested that he begin his disability pension, enclosing his Social Security

4

Award and requested that the relevant material be sent to his social worker.

25. In a letter dated April 23, 2009, Ms. Bobe stated that Mr. Garrett was not eligible for a disability benefit but said that he was eligible for an early retirement benefit. The letter did not explain why he was not eligible for a disability benefit or state that he had a right to appeal or otherwise comply with the US DOL Claims Regulations.

26. In response, in a letter dated August 24, 2009, Mr. Garrett's attorney, Robert Bach, requested a copy of the Retirement Plan's Summary Plan Description and the specific provisions in the Pension Plan that Continuum Services was relying on in making the determination that Mr. Garrett was not eligible for a disability benefit and an explanation as to why she believed he was not eligible for a disability benefit. Also requested was a copy of Mr. Garrett's pension file and any other documents referred to in making the determination.

27. There was no response to that letter and in a letter dated October 16, 2009 Mr. Bach requested an answer to his prior letter of August 24, 2009.

28. There was no response to that letter.

29. Mr. Bach made several calls to Mrs. Bobe requesting a response to the inquiry, which were also not responded to.

30. In a letter dated March 22, 2011, Mr. Bach again requested an answer to his prior letter of August 24, 2009 and an application for a retirement benefit.

31. In a letter dated April 25, 2011, Mr. Bach again requested an answer to his previous letters.

32. On May 16, 2011, Mr. Bach received a phone message from Ms. Bobe which said

they were working on a response to the letters; however, no response was received.

33. In a letter dated July 7, 2011, Mr. Bach filed a complaint with the Employee Benefit Security Administration of the US Department of Labor that Continuum Services had failed to respond to the request for information and failed to provide Mr. Garrett with the information necessary so that he could apply for his pension benefit.

34. In a letter dated August 29, 2011 Continum Health Partners sent Mr. Garrett an application package relating to his request so that he could apply for his pension benefit including the amount it projected as his early retirement benefit.

35. In a letter dated September 6, 2011, Mr. Bach sent a letter to Continuum Services acknowledging receipt of the letter of August 29th and requesting an explanation as to how the early retirement benefit was calculated.

36. On September 19, 2011, Continuum sent Mr. Bach the calculation of Mr. Garrett's early retirement benefit.

37. On November 17, 2011, Mr. Garrett's executed application was sent to Continuum Services.

38. In late 2011, Mr. Garrett started receiving his early retirement benefit.

39. On June 11, 2012, Mr. Bach wrote a letter to Mrs Bobe requesting an answer to the previous letters requesting an explanation as to why Continuum Services felt that Mr. Garret was not eligible for a disability pension.

40. On July 2, 2012 Continuum responded to Mr Bach's letter indicating the reason that Mr. Garrett was not eligible for a disability benefit was because he was not an

employee when he started receiving his Social Security benefit in 2005, quoting section 3.3 of the Pension Plan.

41. By letter dated July 19, 2012, Mr. Bach wrote to Continuum Services requesting the documents relied upon to determine that Mr. Garrett's employment terminated on May 21, 2002, a copy of the documents relied upon or consulted in making the determination, and a copy of the plan document.

42. By letter dated August 13, 2012, Continuum furnished a copy of the :"Change Document" which indicated the date of Mr. Garret's resignation, and copy of the plan document, restated as of January 12, 2012.

43. By letter dated September 4, 2012, Mr. Bach requested a copy of the plan document as of May 21, 2002, the date Mr. Garrett terminated employment. Mr. Bach also included a copy of the Social Security Award that was issued in August 2006, finding that the onset date of Mr. Garrett's disability to be May 21, 2002, the date Mr. Garrett resigned because of ill-health.

44. In an email dated October 22, 2012 Continuum Services wrote to Mr. Bach that Mr. Garrett's pension benefit was going to be treated as a disability pension benefit and retroactively increased as of September 1, 2011 from $904.82 per month to $1,179.78 per month and that a retroactive payment was going to be made.

45. In a letter dated December 3, 2012, Mr. Bach wrote to Ms Bobe requesting why the payment was only retroactive to September, 2011 when Mr. Garrett's onset date was March 21, 2002.

46. The has been no response to that request nor has Continuum Services supplied

the other documents and information requested with respect to the initial denial of Mr. Garrett's claim.

47. Section 29 CFR 2560.503-1(g)(1) requires:

Manner and content of notification of benefit determination.

(1) Except as provided in paragraph (g)(2) of this section, the plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. . . . The notification shall set forth, in a manner calculated to be understood by the claimant --

> (i) The specific reason or reasons for the adverse determination;
>
> (ii) Reference to the specific plan provisions on which the determination is based;
>
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
>
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

48. The letter of April 23, 2009 advising Mr. Garrett that he was not eligible for a disability pension did not comply with any of the requirements of the Claims Regulations in violation of 29 USC §1133.

49. Further, the letter of July 2, 2012, only complied with 29 CFR 2560.503-1(g)(1)(ii), thereby continuing the violations of the Claims Regulations in violation of ERISA, 29USC §1133.

## SECOND CAUSE OF ACTION

50. Plaintiff restates paragraphs 1-49 as though restated herein.

51. Plaintiff has made numerous requests for information which were ignored and/or not complied in a timely manner as required by the Claims Regulations in violation of 29 USC Section 1133(1).

## THIRD CAUSE OF ACTION

52. Plaintiff restates paragraphs 1-51 as though restated herein.
53. Plaintiff requested the relevant plan document, i.e. the plan document in effect as of May 21, 2002 when Mr. Garrett resigned from work because of his illness.
54. Despite numerous requests that document has never been produced in violation of 29 USC 1133 and the Claims Regulations and 29 USC §1024(b)(4).

## FOURTH CAUSE OF ACTION

55. Plaintiff restates paragraphs 1-54 as though restated herein.
56. ERISA 29 USC section 1104 (a)(1) requires that a plan fiduciary"discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . .
    (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims".
57. The failure of the Defendants to comply with the Claims Regulations and to speedily and diligently process Mr. Garrett's claim for a disability benefit was a violation of ERISA their fiduciary duties.

## DEMAND FOR RELIEF

The Plaintiff hereby requests that the Court:

9

1. Find that the Defendants breached their fiduciary duty to Mr. Garrett's to have his claim for disability benefits processed in compliance with the requirements of 29 USC §1133 and as implemented by the US Department of Labor Claims Regulations.

2. Order that the Defendants provide Mr. Garrett with a copy of the Plan document as stated as of May 21, 2002.

3. Order that the Defendants provide Mr. Garrett with the information he has requested with respect to the adjudication of his claim as requested by him in his letters to the Defendants.

4. Award the statutory penalty of $110 against the Defendants for their failure to provide Mr. Garrett with the documents he requested. 29 USC §1132(c)

5. Pursuant to 29 USC 1132(h)(1), award Mr. Garrett reasonable attorney's fees and costs.

6. Order such other relief as the Court may deem appropriate.

*Robert Bach*

New York, NY
September 9, 2013

Robert J. Bach
60 East 42nd Street
40th Floor
New York, NY 10165
212 - 867 - 4455
Attorney for Plaintiff
(rjbachesq@hotmail.com)